# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 6, 2012

## STATE OF TENNESSEE v. MICHAEL R. MALONE

**Appeal from the Circuit Court for Franklin County**
**No. 19785     J. Curtis Smith, Judge**

**No. M2012-00628-CCA-R3-CD - Filed December 17, 2012**

The defendant, Michael R. Malone, pled guilty to reckless endangerment, a Class E felony, and was sentenced to two years in the Department of Correction, to be served consecutively to a prior three-year sentence for which he was on community corrections at the time he committed the present offense.  On appeal, he argues that the trial court erred in imposing consecutive sentencing.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

B. Jeffery Harmon, District Public Defender; and Robert G. Morgan, Assistant Public Defender, for the appellant, Michael R. Malone.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Senior Counsel; J. Michael Taylor, District Attorney General; and William B. Copeland, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

At the guilty plea hearing, the State recited the facts it would have presented had the case gone to trial:

[T]he proof would show that back on the date alleged in this indictment, [January 7, 2011], officers were called to the local hospital to supervise and watch [the defendant] until the hospital finished with him and then they were

going to transport him to actually, I believe Moccasin Bend [Mental Health Institute]. It may have been Middle Tennessee Mental Health. But during the course of that situation, . . ., officers would testify that [the defendant] became upset. That he actually went towards the officer, attempting to grab the officer['s] weapon, and during the course of that, . . ., he was ultimately subdued, but it took not only the officer, but emergency room personnel to assist the officer. During the course of that, we believe we could show that [the defendant] recklessly endangered not only the officer, but other persons that were in the ER facility[.]

At the November 17, 2011 sentencing hearing, Joyce Reed of the Board of Probation and Parole testified that she prepared the defendant's presentence report and verified that the defendant previously had completed the drug court program in Davidson County. She said the defendant had been diagnosed with methamphetamine-induced psychosis and antisocial personality disorder at Moccasin Bend Mental Health Institute.

Denise Garner, the defendant's mother, testified that the defendant was sent to a drug rehabilitation program in Chattanooga when he was fourteen or fifteen years old. The defendant had been in the program only a few days when someone called Ms. Garner and asked her to come get the defendant because he did not belong there and had been "caught huffing gas out of a plastic Sundrop bottle." Subsequently, the defendant graduated from the drug court program in Davidson County and lived at a halfway house afterwards. The defendant got a job and was attending school for industrial heating and air. In 2010, the defendant underwent surgery to repair his shoulder and stayed with Ms. Garner during his recuperation.

Ms. Garner said that on January 7, 2011, the defendant was "hallucinating, hearing things in [her] house." The defendant told Ms. Garner that someone was coming to hurt them and to get out of the house. The defendant then went to the nearby TWRA building and asked a game warden to call 9-1-1 because he thought someone was trying to kill his mother. Three police officers came to her house and took the defendant, at her request, to the emergency room for evaluation because "something was not right with him." She stayed at the hospital with the defendant until about 9:30 p.m. but left before the altercation between the defendant and the officer occurred.

Robert Hutto, a part-time intake officer for the Twelfth Judicial District Drug Court, testified that he interviewed drug court candidates using an instrument known as the Level

of Service Inventory Revised ("LSCMI").[1] He explained the function of the instrument as "based on a series of questions, it provides a score to tell if this person is a high risk for relapse . . . . It looks at criminogenic factors in that person's life and behaviors and attitudes and assesses whether or not they're a high risk of returning to criminal activity or substance abuse."

Upon objection by the State to Hutto's offering any opinion testimony as an expert witness, defense counsel explained that he was offering Hutto's testimony "for . . . just general knowledge about the drug court process . . . [and] how [the defendant] could be assessed and evaluated regarding mental health problems, not to offer any kind of expert opinion about what kind of problems he might have."

The defendant testified that he was currently taking two medications, Thorazine and Depakote. He said that he could not remember much about the January 7, 2011 incident and that he was not trying to hurt anyone that day. He said that if the officer were present in the courtroom, he would apologize to him. He acknowledged that he previously had been sent to the drug court program in Davidson County. After completing that program, he worked as an apprentice in commercial heating and air. He said that he was injured in the fall of 2010 when he "got[] jumped by some people at a store." As a result, he sustained an AC-4 separation on his shoulder which required surgery. He was prescribed Hydrocodone and Percocet following his surgery and was taking those medications at the time of the present offense. He admitted that he had used methamphetamine in the past but said the last time he had done so was in 2006.

Josh Rogers of the Board of Probation and Parole testified that the Department of Correction also administers the LSCMI test.

At the conclusion of the sentencing hearing, the trial court sentenced the defendant as a Range I, standard offender to the agreed-upon two years to be served consecutively to his prior three-year probationary sentence, which was revoked as a result of the present offense.

## ANALYSIS

The sole issue the defendant raises on appeal is whether the trial court erred by ordering consecutive sentencing. The State disagrees, arguing that the record fully supports the trial court's sentencing determinations. We agree with the State.

_____

[1]Josh Rogers of the Board of Probation and Parole later testified that LSCMI stands for Level of Service Case Management Inventory.

Tennessee Code Annotated section 40-35-115(b) provides that it is within the trial court's discretion to impose consecutive sentencing if it finds by a preponderance of the evidence that any one of a number of criteria applies, including that "[t]he defendant is an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115(b)(2) (2010). The criteria listed in section 40-35-115(b) are stated in the alternative; therefore, only one need exist to support the appropriateness of consecutive sentencing.

In ordering his sentence to be served consecutively to his prior case, the trial court stated:

> I don't think anybody really argued that he's not an offender whose record of criminal activity is extensive, so certainly he qualifies for consecutive sentencing.
>
> His attorney and the state's attorney put a different light on his completion of the drug court in Davidson County. Essentially, the state argues that was just another failure at rehabilitation. The defendant's counsel puts a bit of a different spin on it and says, well, he completed it, that's positive. I view it as just another failure at rehabilitation.
>
> The defendant argues, again, without really any proof in the record, that he has mental health issues, because he's taking Thorazine and another drug. There's just little proof on that, but I really don't find him to be credible in that regard. I don't find him – that explanation that at this time in his life that he should have some sudden onset of mental health issues such that would be an excuse for his actions on that day. It's not a pleasant thing , but I really have no, in my opinion, real option but to send him – again, his drug court experience was positive at that time, but since that time he's had a DUI in Robertson County, he's involved in this, so it didn't rehabilitate him. He didn't stay away from those things in his life that were causing him to come in contact with the legal system, so he will serve . . . the two years as a result of this plea in the Department of Correction[] consecutive to the remaining time on his revocation, which I think is . . . three years.

We conclude that the record supports the trial court's sentencing determinations. According to the defendant's presentence report, he has a criminal history dating back to 1996, including three convictions for DUI, two convictions for possession of a Schedule II controlled substance, two convictions for possession of drug paraphernalia, one conviction for theft under $500, one conviction for theft over $1000, and one conviction for driving on

a revoked license. The defendant has had multiple probation revocations, as well as a pending probation violation and a pending case for false imprisonment and attempted assault in Robertson County. We, therefore, affirm the imposition of consecutive sentencing.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____

ALAN E. GLENN, JUDGE